McBRIDE, Judge.
Plaintiffs, respectively, the owner and collision insurer (appearing as partial sub-rogee) of a Volkswagen automotive truck, claim from the defendants the aggregate sum of $551.20 for damages allegedly sustained by said truck as the result of a collision between it and an automobile driven by Allen J. Adams which occurred on the after *82 noon of August 16, 1963, at the intersection formed by the inbound traffic roadway of Poydras Street and Bertrand Street. Several charges of negligence are levelled against the driver of the Adams vehicle which need not he detailed; the chief defense is that the owner-driver of the truck was guilty of contributory negligence in not swerving his automobile so as to avoid contact with the truck. After a trial below the suit was dismissed and plaintiffs have appealed.
The Adams vehicle was being driven on Bertrand Street in a downtown direction. It had safely crossed what is known as the “service road” paralleling Poydras Street and then came to a stop on the railroad tracks adjacent to and paralleling Poydras Street so as to allow passage of approaching vehicles on Poydras Street approaching from the left. After several vehicles had passed, Adams, without seeing the oncoming truck of plaintiff, moved forward to a point where the hood of his car extended out into the Poydras Street intersection for a distance of not more than three feet. Adams said he then noticed the oncoming Volkswagen truck whereupon he came to a complete stop. The fact that such stop was made is agreed to by both drivers who were the only eyewitnesses. While Adams’ vehicle was thus stopped and extending three feet out into Poydras Street, it was run into by the Volkswagen truck, the left front portion of the front bumper of the automobile being struck by the right front portion of the truck’s front bumper.
Plaintiffs’ driver testified his vehicle was moving at about 20-25 miles per hour. He states that when he was about 100 feet away from the Bertrand Street intersection he saw two cars stopped on the railroad tracks, and believing that these vehicles were stopped to permit him to pass across the intersection, he kept his vehicle moving forward without diminishing its speed and that when he was in close proximity to the intersection one of the stopped automobiles (Adams’) moved for a distance of three feet into the intersection. He said that after Adams’ car entered the intersection he did not have sufficient time or distance within which to swerve his truck to the left to avoid contact.
The trial judge, after hearing the testimony of the respective drivers, was undoubtedly of the opinion that there was negligence on the part of Adams but that plaintiffs’ driver was contributorily negligent.
We have carefully read the testimony and our conclusion is the same as that entertained by the trial judge. There is no manifest error in the judgment appealed from. Certainly Adams was guilty of initial negligence in causing his vehicle to protrude into Poydras Street in the path of the oncoming vehicle which he failed to see until it was 50 feet away.
The crucial point in the case is how far from the intersection was the truck when Adams’ car made its partial entry therein. Adams steadfastly maintained the distance was 50 feet and never varied from this estimate.
On the other hand, plaintiffs’ driver was somewhat vague as to how far he was away from the Adams’ vehicle when it made the forward move. At one point he states he was 20 to 25 yards away, but subsequently changed his testimony by saying the distance was 25 feet and at another point that it was 25 or 30 feet.
The trial judge, in view of his conclusion, must have been of the opinion that the estimate of the distance given by Adams was correct. In view of .the uncertainty of plaintiffs’ driver, we think that more weight should be accorded the estimate made by Adams which was accepted by the trial judge. If the distance between the two cars was 50 feet, we know of no reason why plaintiff’s driver could not have swerved his light truck to the left into one of the other two lanes of the roadway in order to avoid running into the hood of the Adams’ car. Our opinion is that plaintiffs’ *83 driver had ample time and space in which to have made such maneuver and had he done so the accident would not have happened. Plaintiffs’ driver was guilty of contributory negligence in running directly into the stopped vehicle when he could have, by the slightest turn of his steering wheel, avoided striking it.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.